Juan Carlos Zapata, Debtor pro se
Patricia Ultreras, Debtor pro se
1660 Tapir Circle
Ventura, California 93003
805-452-5736



FILED
SEP 15 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Zapata and Ultreras,<br><br>　　　　　　　　　　Debtors<br>_____ | CASE NO. 10-14200<br>Chapter 13<br><br>DEBTORS' REQUEST TO ENLARGE<br>TIME — FRBP 9006(b)(1)<br><br>*No oral argument requested*<br><br>Judge Robin Riblet |

　　　We have received of the "NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C § 362(I) (with supporting declarations)" from "Aurora Loan Services LLC."

　　　We see a hearing has been scheduled for September 21st on this motion.

　　　We also see from this Notice/Motion's #13. a. we "must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney . . . no less than 14 days before the above hearing and appear at the hearing of the Motion."

　　　We oppose that motion, however the scheduling of this motion and hearing does not allow us enough time or opportunity to prepare a proper Opposition, which will include questioning Aurora's standing to make that motion.

　　　Although we consulted with several attorneys before filing this case, we could not afford their services. As the court can see we needed extra time to file the the forms just to start this case, and we may not have done those properly.

Page 1 - DEBTORS' REQUEST TO ENLARGE TIME

We see we are faced with many, many laws and rules the court has thrown up, perhaps to discourage people like us from not hiring attorneys. We see that Title 11 (the Bankruptcy Code) is 306 pages long, Title 11a (the Federal Rules of Bankruptcy Procedure, with forms) is another 328 pages, all of it in close, small type. On top of all that this court's current "Local Bankruptcy Rules" are another 189 pages, plus additional nearly hundred forms.

We are also aware there is a substantive component of due process called "adequate notice," and if due process is violated, then the court's orders or judgment is void. Adequate notice is an "elementary and fundamental requirement of due process."[1] Another element is "timely and adequate notice detailing the reasons" for the adverse action.[2]

Additionally, English is not our first language. Debtor Ultreras speaks very little English. All documents must be translated for us to understand them. This creates an additional burden for us to take care in all our dealings with this court.

We do not present this Request for any improper purpose, such as to cause unnecessary delay or needless increase in the cost of litigation. We are not legal professionals. We need this extra time to carefully study and properly complete the remaining forms this court requires.

---

1 In *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950), the U.S. Supreme Court held that prior to an action which will have a direct and adverse effect on an interest in life, liberty, or property protected by the due process clause, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See also Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1, 13 (1978); *In re Repp*, 307 B.R. 144, 148 (9th Cir. BAP 2004) (whether adequate notice has been given for purposes of due process in a particular instance is a mixed question of law and fact the court reviews *de novo*)
2 *Goldberg v. Kelly*, 397 U.S. 255, 267 (1970); *see also G & G Fire Sprinklers Inc. v. Bradshaw*, 136 F.3d 587, 156 F.3d 893 (9th Cir. 1998): "[9] A due process claim has two elements: (1) a deprivation of a protectible interest, and (2) denial of adequate procedural protections. *See Goldberg v. Kelly*, 397 U.S. 254 (1970)."

Page 2 - DEBTORS' REQUEST TO ENLARGE TIME

## OUR REQUEST

We therefore request the hearing for this motion be reset for no sooner than October 21st, or the earliest date afterward as the court may set.

If we receive nothing contrary from either this court or the opposing parties on this matter, we will assume the way is clear and we will file and serve our Opposition no later than October 7, 2010, or 14 days before the reset hearing, whichever is later.

We do not belief this Request falls into the exceptions of FRBP 9006(b)(2) or (3).

We expressly reserve the right to amend or supplement this Request as needed.

We also reserve our right to have this Request construed so as to do justice according to FRCP 8(e) and all other applicable law.

Respectfully submitted, without prejudice, on 09-15, 2010

By: _____
Juan Carlos Zapata

By: _____
Patricia Ultreras

CERTIFICATE OF SERVICE: I certify that on the above date I did serve a true copy of this Request by first class mail on the Trustee and opposing parties or their attorneys at their addresses of record.

By: _____
Juan Carlos Zapata

Page 3 - DEBTORS' REQUEST TO ENLARGE TIME