**NOT FOR PUBLICATION**

FILED & ENTERED

APR 06 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY huerta    DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>JUAN CARLOS ZAPATA and<br>PATRICIA ULTRERAS,<br><br>                  Debtors. | Case No.: 9:10-bk-14200-RR<br><br>Chapter 13<br><br>**MEMORANDUM DECISION** |

Before the court is the motion of Juan Carlos Zapata and Patricia Ultreras ("Debtors") styled "Debtors' Motion and Declaration to Expedite Reopening Case—FRBP 5010" (the "Reopen Motion")[1] by which the Debtors seek an order reopening the above referenced case pursuant to 11 U.S.C. § 350 and FRBP 5010.[2] Attached to the Reopen Motion is a document entitled "Debtors' Objection to Judge and Trustee Dismissing Case" by which the Debtors seek an order vacating the court's prior order of dismissal entered on October 25, 2010. The court interprets the Debtors' objection as a motion to alter or amend judgment under FRBP 9023, which incorporates F.R.Civ.P. 59(e) ("Reconsideration Motion"). On the first page of the Reopen Motion and the Reconsideration Motion, the Debtors state: "No oral argument requested." The court finds both matters suitable for decision without oral argument. See LBR 9013-1(j)(3). Having considered the Debtors' papers and the evidentiary record, the court makes

---

[1] The motion is addressed "To the Chief Judge" and was submitted to Chief Judge Peter H. Carroll on March 16, 2010. In the Reopen Motion, Debtors have requested "[t]hat this motion go directly to [the] presiding [chief] judge or his designee . . . ."

[2] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005). "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil Procedure ("F.R.Civ.P."). "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California.

1  the following findings of fact and conclusions of law[3] pursuant to F.R.Civ.P. 52(a)(1), as
2  incorporated into FRBP 7052 and applied to contested matters by FRBP 9014(c).

### I. STATEMENT OF FACTS

On August 13, 2010, Debtors filed an incomplete voluntary chapter 13 petition in the above referenced case. The petition was filed without the assistance of counsel. The case was assigned to Honorable Robin Riblet ("Judge Riblet"). Elizabeth F. Rojas ("Rojas") was appointed as the chapter 13 trustee. According to the court's docket,[4] the § 341(a) meeting of creditors was scheduled to be held at noon on September 15, 2010, and the confirmation hearing was scheduled to be held at 10:00 a.m. on October 29, 2010.[5] On August 25, 2010, Debtors filed "Debtors' Request to Enlarge Time for Filing—FRBP 9006(b)(1)," in which they requested additional time to file requisite missing documents. By order entered on September 1, 2010, the court granted the Debtors' motion to extend time and required that all missing documents be filed by September 10, 2010. The docket indicates that the Debtors filed all of the documents to complete their filing, including a proposed chapter 13 plan, by September 10, 2010.

In the meantime, Aurora Loan Services, LLC ("Aurora") filed a motion for relief from the automatic stay ("RFS Motion") on August 31, 2010, seeking to exercise its rights with respect to the real property located at 1660 Tapir Circle, Ventura, California ("Residence"). Aurora had commenced an unlawful detainer proceeding against the Debtors prior to bankruptcy because it had acquired title to the Residence by foreclosure sale before the petition date. The

---

[3] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is hereby adopted as such.

[4] The court takes judicial notice of its own records. Federal Rule of Evidence 201 allows a court to take judicial notice of facts that are not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. See Fed.R.Evid. 201(b); FRBP 9017 (applying Federal Rules of Evidence to bankruptcy proceedings); see also U.S. v. Author Svcs., Inc., 804 F.2d 1520, 1522 (9th Cir. 1986) ("[A] court may take judicial notice of its own records."); U.S. v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("In particular, a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.") (citations omitted).

[5] On August 15, 2010, the court clerk served Debtors with notice of these dates.

1  RFS Motion was noticed to be heard on September 21, 2010. According to the docket, the
2  Debtors did not file written opposition to the RFS Motion. After a hearing on September 21,
3  2010, the court granted the RFS Motion. An order terminating the stay to permit Aurora to
4  exercise its rights with respect to the Residence was entered on September 24, 2010.

5       Debtors' original § 341(a) meeting of creditors set for September 12, 2010, was
6  continued to October 13, 2010.[6] The confirmation hearing, which was originally scheduled for
7  October 29, 2010, was continued to November 19, 2010.[7] On October 19, 2010, the court
8  entered an order dismissing Debtors' case for failure to appear at the § 341(a) meeting of
9  creditors <u>and/or</u> failure to make required pre-confirmation payments (the "Dismissal Order").
10 On October 25, 2010, Debtors filed the Reconsideration Motion, by which they sought
11 reconsideration of the court's Dismissal Order. Debtors did not properly notice the motion for
12 hearing as required by LBR 9013-1. On November 8, 2010, Debtors again filed the
13 Reconsideration Motion. Again, Debtors failed to properly notice the motion for a hearing in
14 accordance with LBR 9013-1.

15      On November 16, 2010, Debtors filed a letter addressed to the United States trustee for
16 Region 16, Peter C. Anderson. In their letter, Debtors state: "After we sort through this mess
17 [Rojas] was key to creating for us—the sheriff is putting us out of our home Friday morning—
18 we will be after her for all liability possible." Debtors attached a copy of the Reconsideration
19 Motion to the letter. That same day, Debtors filed "Debtors' Motion and Supporting
20 Declaration/Memorandum for Relief From Orders—FRBP 9024," which they addressed "To the
21 Chief Judge."[8] Debtors attached the Reconsideration Motion to their motion addressed to the
22 Chief Judge. Debtors again failed to notice this matter in the manner specified under LBR 9013-

---

[6] Notice of Rescheduled First Meeting of Creditors, DK # 23, filed on September 28, 2010.

[7] Notice of Rescheduled Confirmation Hearing, DK # 24, filed on September 29, 2010.

[8] At that time, Honorable Vincent P. Zurzolo was the Chief Bankruptcy Judge of the Central District of California.

1.[9] On December 3, 2010, Debtors filed "Debtors' Objection to 'Chapter 13 Standing Trustee's Final Report and Account,' " which was also not properly noticed for a hearing under LBR 9013-1. The case was closed on December 8, 2010. Debtors' Reopen Motion and Reconsideration Motion were received by this court on March 16, 2011.

## II.  DISCUSSION

This court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is appropriate in this court. 28 U.S.C. § 1409(a).

### A.  Debtors' Reopen Motion

A case may be reopened to administer assets, to accord relief to the debtor, or for other cause. 11 U.S.C. § 350(b). The reopening of a closed bankruptcy case is a ministerial act that functions primarily to enable the file to be managed by the clerk as an active matter. In re Menk, 241 B.R. 896, 913 (9th Cir. BAP 1999). Because a case must necessarily be reopened to consider the underlying request for relief, a motion to reopen is granted routinely. See In re Dodge, 138 B.R. 602, 605 (Bankr. E.D. Cal. 1992). Case reopening, by itself, lacks independent legal significance and determines nothing with respect to the merits of the case. Menk, 241 B.R. at 913. LBR 5010-1(e) permits a motion to reopen to be considered ex parte.

In this case, Debtors seek to reopen this case to prosecute their Reconsideration Motion.[10] Because the court must reopen the case to consider Debtors' request, the court finds "cause" to reopen. Accordingly, the case shall be reopened for the limited purpose of permitting the court to consider and adjudicate Debtors' Reconsideration Motion.[11] A trustee shall not be appointed in the reopened case, absent further order of the court.

---

[9] According to the court's docket, Judge Riblet wrote on Debtors' Reconsideration Motion: "Must be set for hearing on chapter 13 day if the debtors want to pursue." This document with the notation was entered on November 19, 2010. See DK #34.

[10] See Reopen Mot. at ¶¶ 1-2.

[11] Debtors also filed a request to waive the case reopening fee on March 16, 2011. The court will grant Debtors' request. See LBR 5010-1(d). The fee to reopen the case will be waived.

B.  Debtors' Reconsideration Motion

Rule 9023 makes Rule 59(e) of the Federal Rules of Civil Procedure applicable in bankruptcy cases.  FRBP 9023.  Rule 59(e) authorizes the filing of a motion to alter or amend a judgment not later than 14 days after entry of the judgment.  F.R.Civ.P. 59(e).  Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted); Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).  In the Ninth Circuit, " 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.' "  Kona Enters., 229 F.3d at 890 (quoting 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).  Reconsideration may also be granted "as necessary to prevent manifest injustice."  Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

Reconsideration under Rule 9023 is not intended to give a litigant a "second bite at the apple."  See In re Christie, 222 B.R. 64, 67 (Bankr. D.N.J. 1998) (citation omitted); see also Voelkel v. Gen. Motors Corp., 846 F.Supp. 1482, 1483 (D. Kan. 1994), aff'd, 43 F.3d 1484 (10th Cir. 1994) ("A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."); U.S. v. Carolina E. Chem. Co., 639 F. Supp. 1420, 1423 (D.S.C. 1986) ("A party who failed to prove his strongest case is not entitled to a second opportunity by moving to amend a finding of fact or a conclusion of law."); In re Hillis Motors, Inc., 120 B.R. 556, 557 (Bankr. D. Haw. 1990) (Rule 59 does not "give a disappointed litigant another chance."(citation omitted)).

In this case, the Dismissal Order was entered on October 19, 2010.  Debtors' Reconsideration Motion was filed on October 25, 2010—within 14 days of entry of the Dismissal Order.  The motion is timely.  In the Reconsideration Motion, Debtors do not allege newly discovered evidence or an intervening change in controlling law.  Rather, Debtors argue

that the court committed clear error because the Dismissal Order was "based on falsehood" and was "against the law."

        i.        The Dismissal Order Was Not "Based on a Falsehood"

Debtors contend that the Dismissal Order was "based on a falsehood" because Debtors "attended every meeting for which they received notice." Debtors assert that they attended the continued creditors' meeting on October 13, 2010, but there is no declaration or other evidence in support of the motion establishing that they did so and the court is not able to confirm the Debtors' assertion from information contained in the docket. Even if the court accepts Debtors' representations as true, the case may be dismissed if a debtor fails to tender to the trustee at or before the § 341(a) meeting of creditors the documents itemized in LBR 3015-1(c). See LBR 3015-1(c)(6). There is no evidence that the Debtors were in compliance with LBR 3015-1(c) at the time of dismissal.

By its terms, the Dismissal Order was based on either the failure to attend the § 341(a) meeting of creditors or the failure to make required pre-confirmation payments. LBR 3015-1(k) provides, in pertinent part, that "[a]ll plan payments that accrue after the § 341(a) meeting of creditors but prior to confirmation must be tendered on a timely basis to the chapter 13 trustee" and the failure to do so is grounds for dismissal or conversion of the case to a case under chapter 7. LBR 3015-1(k)(1)(B) & (4). The failure to make post-petition mortgage payments, as required by LBR 3015-1(m)(2) and (3) in a timely manner is also grounds for dismissal of the case. LBR 3015-1(m)(8). Debtors have not provided any evidence that they were current in post-petition mortgage payments and plan payments at the time of dismissal. Debtors simply state: "At no time did the [chapter 13] trustee give us notice she would dismiss because of fees."

Although Debtors are pro se, they are not excused from compliance with the rules. Warrick v. Birdsell (In re Warrick), 278 B.R. 182, 187 (9th Cir. BAP 2002) ("status as a pro se litigant does not excuse . . . failure to understand and follow court rules") (citing Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir.1997) ("pro se litigants are not excused from following court rules"). It was the Debtors' responsibility to understand and follow the rules

applicable to their pending chapter 13 case. Debtors have not presented any competent evidence of a "falsehood" or that the Dismissal Order was entered improvidently.

        ii.        The Dismissal Order Was Not "Against the Law"

Debtors also claim that the court's Dismissal Order was "against the law" because the case was not dismissed "after notice and hearing" as required by 11 U.S.C. § 1307(c). Debtors state that the court's alleged failure to comply with § 1307(c) deprived them of the opportunity to convert their case to chapter 7.

The Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines dated August 13, 2010, and duly served on the Debtors states, in pertinent part:

> Failure to Appear at the Section 341(a) Meeting and Hearing on Confirmation of Chapter 13 Plan. Appearance by debtor(s) and the attorney for the debtor(s) is required at both the Section 341(a) meeting and the confirmation hearing. Unexcused failure by the debtor(s) to appear at either the Section 341(a) meeting and/or the confirmation hearing may result in dismissal of the case.

Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines, DK # 6. Debtors had the absolute right to convert their case to a case under chapter 7 prior to dismissal. Debtors could have converted their case to chapter 7 prior to the confirmation hearing simply by filing a notice of conversion under § 1307(a) (and a proof of service evidencing that the notice was served upon the chapter 13 trustee and the United States trustee) and paying any fee required by 28 U.S.C. § 1930(b). See LBR 3015-1(q)(2). According to the docket, this was not done. Moreover, the Dismissal Order was entered without prejudice to the Debtors' right to immediately file a voluntary chapter 7 petition. If the Debtors still wish to seek relief under chapter 7, the court will modify the Dismissal Order for the limited purpose of permitting the Debtors to convert this case to a case under chapter 7.

A. Debtors' Request that Rojas and Judge Riblet "Withdraw" From the Case

In the Reconsideration Motion, Debtors state:

> We seriously question your competence to be the trustee and judge for our case. You don't even know the laws for doing this, and it seems you're only interested in yourselves and your fellow attorneys!!

> We give you the opportunity <u>now</u> to withdraw yourselves of this case <u>after</u> you cancel this [Dismissal] Order . . . .
>
> We give you this our only notice if we are forced to file that motion, or to find ourselves otherwise prejudiced by your [Dismissal] Order, we will not file for that relief but also start the process to have you both removed from your offices and your fitness to serve be reviewed.

Reconsideration Mot. at pg. 2 (emphasis in original). The court interprets the above passage as a request to remove Rojas as the chapter 13 trustee and to recuse Judge Riblet.

    i.    <u>Debtors Have Not Shown That Rojas Should Be "Removed" From the Case</u>

Once assigned to a particular case, a trustee can be removed from a pending case only if the bankruptcy court finds "cause" after notice and a hearing. 11 U.S.C. § 324(a); <u>Matter of AFI Holding, Inc.</u>, 530 F.3d 832, 845 (9th Cir. 2008). Sufficient "cause" for removal is not defined by the Code; the matter is left for court determination on a case-by-case basis. <u>Id.</u> at 845. Courts examine the totality of circumstances in deciding whether there is "cause" to remove a trustee under § 324. <u>Id.</u> at 838. Relevant factors include: (1) the likelihood that a potential conflict might turn into an actual one; (2) the influence the conflict might have in subsequent decision making; and (3) how the matter is perceived by creditors and other parties in interest. <u>Id.</u> at 849. "Cause" may also include trustee incompetence, violation of trustee's fiduciary duties, misconduct, failure to perform trustee's duties, lack of disinterestedness, or holding an interest adverse to estate. <u>Id.</u> at 845. The court may remove a trustee only after such notice and opportunity for hearing as is appropriate in the particular circumstances. 11 U.S.C. §§ 102(1), 324(a).

In this case, Debtors have failed to notice their request for removal of Rojas as required by the Code and the LBRs. <u>See</u> 11 U.S.C. § 324(a); LBR 9013-1. Debtors' papers are not accompanied by a proof of service evidencing that Rojas was served with Debtors' Reconsideration Motion which contained the removal request. <u>See</u> LBR 9013-1(e) ("Every paper filed pursuant to this rule must be accompanied by a proof of service in the form specified in LBR 9013-3."). Moreover, Debtors have failed to present any admissible evidence that would

support a finding of cause to remove Rojas as the chapter 13 trustee. To the extent that the Debtors' Reconsideration Motion seeks the removal of Rojas as trustee, the request is denied.

    ii.    <u>Debtors Have Not Shown That Judge Riblet Should Be "Removed" From the Case</u>

Recusal of a bankruptcy judge is governed by 28 U.S.C. § 455(a), which states that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his <u>impartiality might reasonably be questioned</u>." 28 U.S.C. § 455(a) (emphasis added). A bankruptcy judge may also be disqualified if he or she "has a <u>personal bias or prejudice</u> concerning a party, . . . ." 28 U.S.C. § 455(b)(1) (emphasis added). The test is whether an average, reasonable person, knowing all the circumstances, would harbor doubts about the judge's impartiality. <u>Milgard Tempering, Inc. v. Selas Corp. of Am.</u>, 902 F.2d 703, 714 (9th Cir. 1990); <u>In re Faulkner</u>, 856 F.2d 716, 720 (5th Cir. 1988). The "reasonable person" standard assumes a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." <u>United States v. Jordan</u>, 49 F.3d 152, 156 (5th Cir. 1995).

Generally, expressions of impatience, annoyance, dissatisfaction, or even anger are not sufficient to establish bias or impartiality. <u>U.S. v. Landerman</u>, 103 F.3d 1053, 1066 (5th Cir. 1997). A judge's critical or hostile remarks made during a judicial proceeding as to counsel, parties or their cases, will not support a recusal motion unless they reveal either "an opinion that derives from an extrajudicial source" or "such a high degree of favoritism or antagonism as to make fair judgment impossible." <u>Liteky v. U.S.</u>, 510 U.S. 540, 555 (1994). Nor do judicial rulings alone, even if erroneous, "constitute a valid basis for a bias or partiality motion." <u>Id.</u>; <u>see also</u> <u>Cintron v. Union Pac. R.R. Co.</u>, 813 F.2d 917, 921 (9th Cir. 1987).

In this case, Debtors have failed to present any credible admissible evidence that would support the recusal of Judge Riblet. There is no evidence that Judge Riblet acted in a manner in which her impartiality could reasonably be questioned, nor is there any evidence of personal bias or prejudice. Debtors' belief that Judge Riblet erred in dismissing Debtors' case does not, in itself, provide a basis to recuse Judge Riblet. To the extent that the Debtors' Reconsideration Motion seeks the recusal of Judge Riblet, the request is denied.


### III. CONCLUSION

For the reasons stated, the Reopen Motion will be granted and the Reconsideration Motion will be denied.

A separate order on each motion will be entered consistent with this memorandum.

###

DATED: April 6, 2011

_____
United States Bankruptcy Judge

**NOTE TO USERS OF THIS FORM**:
**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify* MEMORANDUM DECISION   was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of  04/06/11  , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Mark D Estle    mdestle@estlelaw.com
- Sheri Kanesaka    sheri.kanesaka@bryancave.com
- Joe M Lozano    notice@NBSDefaultServices.com
- Elizabeth (ND) F Rojas (TR)    cacb_ecf_nd@ch13wla.com
- Ramesh Singh    claims@recoverycorp.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Patricia Ultreras
1660 Tapir Circle
Ventura, CA 93003

Juan Carlos Zapata
1660 Tapir Circle
Ventura, CA 93003

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page